UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR LOPEZ, *individually and on behalf of all others similarly situated*,

                     Plaintiff,

                     -v.-

PEAPOD, LLC,

                     Defendant.

19 Civ. 9906 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Victor Lopez brings this proposed class action against Defendant Peapod, LLC ("Peapod"), a company that operates as an online grocery store, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 (the "ADA"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131 (the "NYCHRL"). Specifically, Plaintiff alleges that Peapod fails to sell accessible gift cards for visually impaired people. Now before the Court is Peapod's motion to dismiss the complaint for lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6).

      This case is one of a contingent of lawsuits brought by the same attorneys and a handful of visually impaired plaintiffs against restaurants, retailers, and other businesses for failing to provide gift cards with Braille or other auxiliary aids. In nearly every decision issued in this District to have

addressed the issue, courts have rejected claims identical to those that Plaintiff asserts here — whether for lack of standing, *see, e.g.*, *Dominguez* v. *Grand Lux Café LLC*, No. 19 Civ. 10345 (MKV), 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020); for failure to state a claim on which relief can be granted, *see, e.g.*, *Thorne* v. *Boston Mkt. Corp.*, 469 F. Supp. 3d 130 (S.D.N.Y. 2020) ("*Boston Market*"); or both, *see, e.g.*, *Lopez* v. *W. Elm, Inc.*, No. 19 Civ. 10079 (ER), 2020 WL 6546214, at *3 (S.D.N.Y. Nov. 6, 2020) ("*West Elm*"); *Dominguez* v. *Banana Republic, LLC*, — F. Supp. 3d —, No. 19 Civ. 10171 (GHW), 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020).[1] The Court is persuaded by the well-reasoned opinions of its sister courts, and accordingly, for the reasons set forth in the remainder of this Opinion, grants Peapod's motion to dismiss.

## BACKGROUND[2]

### A. Factual Background

Plaintiff "is a visually-impaired and legally blind person who requires Braille, which is a tactile writing system, to read written material." (FAC ¶ 2). Peapod "owns, operates and/or controls the on-line Peapod grocery store that

---

[1] The Second Circuit has not yet addressed the issues raised by Plaintiff's complaint, but heard oral argument on January 13, 2021, in a set of consolidated cases raising issues identical to those raised in the instant litigation. *Calcano* v. *Swarovski N. Am., Ltd.*, No. 20-1552, Dkt. #175 (2d Cir. Jan. 13, 2021).

[2] The facts in this Opinion are drawn primarily from Plaintiff's First Amended Complaint (or "FAC" (Dkt. #17)), which is the operative pleading in this case, as well as the website Peapod.com, which is incorporated by reference in the FAC (the "Website"). *See Atl. Recording Corp.* v. *Project Playlist, Inc.*, 603 F. Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009).

For convenience, the Court refers to Peapod's Memorandum of Law in Support of Its Motion to Dismiss as "Def. Br." (Dkt. #21); Plaintiff's Memorandum of Law in Opposition to the Motion as "Pl. Opp." (Dkt. #22); and Peapod's Reply Memorandum of Law in Support of Its Motion as "Def. Reply" (Dkt. #23).

delivers across the United States, including throughout the Southern District of New York, and in close proximity to Plaintiff[']s residence." (*Id.* at ¶ 29). Plaintiff alleges that Peapod also "operates and/or controls brick-and-mortar locations" at which customers can arrange for "in-store pick[-up.]" (*Id.* at ¶¶ 28-29). Plaintiff specifies that the "brick-and-mortar locations" in question are Stop & Shop brand supermarkets ("Stop & Shop"). (*See, e.g.*, *id.* at ¶ 28).[3] Defendant disputes this fact and states that "Peapod operates as an online grocery store without store locations — all transactions occur online, no gift card can be used at a Peapod brick-and-mortar store (because Peapod is an online grocer and has no such stores)[.]" (Def. Br. 19).[4]

Plaintiff resides in New York City, and lives "within close proximity to at least one of Defendant's physical [Stop & Shop] locations [where he can] pick

---

[3]  In his opposition brief, Plaintiff alleges that Defendant's "affiliates" include other physical grocery stores such as Giant and Martin's. (Pl. Opp. 3).

[4]  Plaintiff alleges no facts showing that Peapod controls, directs the functions of, manages, or otherwise operates any physical stores. At best, Plaintiff offers the conclusory allegation that Peapod "owns, operates and/or controls brick-and-mortar locations" because patrons can pick up groceries that they order online from Peapod at certain physical locations, which locations Plaintiff specifies are Stop & Shop supermarkets. (*See* FAC ¶¶ 28-29). However, this conclusory allegation is insufficient to demonstrate that Defendant — Peapod, LLC — controls Stop & Shop or any other grocery stores. (*See id.* at ¶ 28 (distinguishing between Peapod's "on-line ... grocery stores that deliver[] in [New York] City," and "brick-and-mortar locations in which patrons can ... pick up ... on-line orders ... [such as] [S]top and [S]hop market locations")). Plaintiff confirms this fact by clarifying in his opposition that the "physical locations" purportedly maintained by Peapod are in fact grocery stores owned and operated by Peapod's parent company, not by Defendant. (Pl. Opp. 3).

While Peapod and Stop & Shop may be owned by the same parent company, Plaintiff has not pleaded any facts to that effect in his FAC, nor has Plaintiff named any purported parent company as a defendant in this litigation. Accordingly, the Court need not analyze whether such a connection would be relevant to Plaintiff's claims here. Tellingly, Plaintiff has already brought an identical lawsuit in this District against Stop & Shop for failure to offer Braille gift cards, which lawsuit was dismissed with prejudice for failure to state a claim. *See Lopez* v. *Stop & Shop Supermarket Co. LLC*, No. 19 Civ. 9913 (JMF), 2020 WL 4194897, at *1-2 (S.D.N.Y. July 21, 2020).

up [a Peapod] order, and also is within Peapod[']s delivery [range] options" accessible through Peapod's website. (FAC ¶¶ 26-27).[5]  Plaintiff alleges that he has previously been a customer "at *Defendant's stores* on prior occasions." (*Id.* at ¶ 21 (emphasis added)).  Presumably, Plaintiff is referring to Stop & Shop supermarkets, because as noted above, Peapod itself operates no physical stores.  Plaintiff does not allege he has ever made a purchase using Peapod, visited the Peapod website, or otherwise been a Peapod customer. (*See generally* FAC; *see also id.* at ¶ 21).

On October 22, 2019, seeking to purchase a gift card from Peapod, "Plaintiff telephoned Defendant's customer service office" and "inquired if Defendant sold store gift cards containing Braille." (FAC ¶ 16).  Plaintiff was informed by one of Defendant's employees that Peapod "does not sell store gift cards containing Braille." (*Id.*).  According to Plaintiff, he was "not offer[ed] any alternative auxiliary aids or services … with respect to Defendant's gift cards." (*Id.* at ¶ 17).  He also alleges that he was otherwise unable to find "accessible store gift cards because they are not offered by the Defendant." (*Id.* at ¶ 18).

Plaintiff asserts that the lack of accessible gift cards means he "cannot independently access the information contained thereon in order [to] use the

---

[5]  For the limited purpose of assessing whether Peapod owns or operates physical stores and/or offers delivery, the Court inspected the Website.  The Website is incorporated by reference in the FAC (*see* FAC ¶¶ 21, 27-28; *see also* Pl. Opp., Ex. F (establishing that Defendant is the owner and operator of www.peapod.com)), and thus is properly before the Court on a motion to dismiss.  *See Atl. Recording Corp.*, 603 F. Supp. 2d at 693 n.3 (holding that court may consider website on a motion to dismiss when the complaint incorporates it by reference (citations omitted)); *cf. Del-Orden* v. *Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *12 n.3 (S.D.N.Y. Dec. 20, 2017) (considering the website at issue "in its present configuration" when resolving a defendant's motion to dismiss ADA claims on mootness grounds).

card like a sighted person." (FAC ¶ 5). For instance, he "cannot ascertain information about the gift card, like the balance, the gift card's terms and conditions of use, or even be able to distinguish Defendant's branded gift cards from others in the same manner as non-blind persons." (*Id.* at ¶ 20). As a result, Plaintiff alleges that he cannot independently use one of Peapod's gift cards to make a purchase in-store, on the phone with a customer service agent, or through its website. (*Id.* at ¶¶ 6-7). Plaintiff asserts that he will purchase at least one gift card from Peapod as soon as accessible ones are offered for sale, and plans to "utilize it at Defendant's grocery stores." (*See id.* ¶ 21). Again, Plaintiff is presumably referring to a Stop & Shop supermarket, as Peapod maintains no physical stores, and only offers groceries for sale online for home delivery or for pickup at the physical store of an affiliate, such as Stop & Shop. (*See id.* at ¶¶ 28-29; Pl. Opp. 3). Plaintiff does not allege that he intends to use a Peapod gift card to order groceries online through Peapod's website or via any other methods. (*See generally* FAC).

**B.     Procedural Background**

Plaintiff initiated the instant action by filing his first complaint on October 25, 2019. (Dkt. #1). Peapod submitted a pre-motion letter seeking to file a motion to dismiss on January 27, 2020 (Dkt. #14), and Plaintiff filed a letter in opposition on February 4, 2020 (Dkt. #16). The parties appeared for a pre-motion conference on February 18, 2020, at which conference Plaintiff sought leave to file an amended complaint to address the deficiencies raised by Peapod. (Dkt. #18 (transcript); *see also* Minute Entry for February 18, 2020).

The Court granted Plaintiff's request and set a briefing schedule for Plaintiff to file an amended complaint and for Peapod's anticipated motion to dismiss. (Dkt. #18 (transcript)).  Plaintiff filed the FAC on February 24, 2020.  (Dkt. #17).  Peapod filed its motion to dismiss and supporting papers on March 30, 2020 (Dkt. #20-21); Plaintiff filed his brief in opposition on April 20, 2020 (Dkt. #22); and Peapod filed its reply on May 15, 2020 (Dkt. #23).

## DISCUSSION

**A.  Applicable Law**

    **1.  Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)**

"When presented with a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has subject matter jurisdiction necessary to consider the merits of the action."  *Wong* v. *CKX, Inc.*, 890 F. Supp. 2d 411, 414-15 (S.D.N.Y. 2012).  It does so here.

"'[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it.'"  *Pulse Creations, Inc.* v. *Vesture Grp., Inc.,* 154 F. Supp. 3d 48, 52-53 (S.D.N.Y. 2015) (alteration in *Pulse Creations*) (quoting *Aurecchione* v. *Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)).  "In resolving a Rule 12(b)(1) motion to dismiss, '[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing [may] not [be]

made by drawing from the pleadings inferences favorable to the party asserting it.'" *Martinez* v. *Riverbay Corp.*, No. 16 Civ. 547 (KPF), 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016) (alterations in *Martinez*) (quoting *Morrison* v. *Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)). Thus, Plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists.'" *Pulse Creations*, 154 F. Supp. 3d at 53 (quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### 2. Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)).

That said, a court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon* v. *Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B.   Analysis**

    **1.   Plaintiff Lacks Standing**

Article III of the Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const., art. III, § 2, cl. 1. "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List* v. *Driehaus*, 573 U.S. 149, 156 (2014) (alteration in original) (quoting *Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). In actions brought under the ADA, the Second Circuit has "found standing (and therefore an injury in fact)," *Kreisler* v. *Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (per curiam), where a plaintiff "[i] alleges past injury under the ADA, [ii] shows that it is reasonable to infer from his or her complaint that the

8

discriminatory treatment will continue, and [iii] shows that it is reasonable to infer that he or she 'intend[s] to return to [the public accommodation].'" *Harty* v. *Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 154-55 (2d Cir. 2013) (summary order) (alterations in *Harty*) (quoting *Kreisler*, 731 F.3d at 187-88).

Here, Plaintiff plausibly alleges the first two elements of standing under the ADA. *First*, courts in this District have found allegations similar to Plaintiff's — that he called the defendant's customer service office to inquire about purchasing a Braille gift card and was told that the defendant did not sell Braille gift cards and was not offered any other auxiliary aid (FAC ¶ 16) — adequate to establish injury in fact. *See, e.g.*, *Mendez* v. *Outback Steakhouse of Fla., LLC*, No. 19 Civ. 9858 (JPO), 2020 WL 4273820, at *2 (S.D.N.Y. July 23, 2020); *Boston Market*, 469 F. Supp. 3d at 136. *Second*, Plaintiff alleges that Peapod does not plan to start selling Braille gift cards (FAC ¶ 15), which courts in this District have found adequate to satisfy the second element. *See, e.g.*, *West Elm*, 2020 WL 6546214, at *2; *Banana Republic*, 2020 WL 1950496, at *5.

However, Plaintiff fails to plead sufficiently specific facts to satisfy the third element, an intent to return. This element entails a "highly fact-sensitive inquiry" that considers "the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of the plaintiff's past visits" and "other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits." *Bernstein* v. *City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (summary order).

9

Courts in this Circuit have declined to find standing where plaintiffs pleaded similar, or even more thorough, allegations than those advanced by Plaintiff here.  Of note, Plaintiff fails even to plead that he has been a Peapod customer before; after all, Peapod maintains no physical stores and Plaintiff fails to allege that he has ever used Peapod to purchase groceries, either for delivery or for pickup at a physical store.  (*See generally* FAC; *see also id.* at ¶ 21 (alleging only that Plaintiff had been "a customer at Defendant's *stores* on prior occasions" (emphasis added)).  And even if Plaintiff had adequately pleaded that he had been a Peapod customer in the past, he does not allege that he has any plans to use Peapod in the future.  At best, he alleges that he "intends to immediately purchase at least one gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and *utilize it at Defendant's grocery stores.*"  (*Id.* (emphasis added)).  But this fails to establish intent to return, because as explained above, Peapod has no physical stores.  Courts in this District have declined to find an intent to return even when a plaintiff pleads that they had visited a defendant's store before and will do so again in the future.  *See, e.g., Dominguez* v. *Athleta LLC*, No. 19 Civ. 10168 (GBD), 2021 WL 918314, at *1 (S.D.N.Y. Mar. 10, 2021) (holding no intent to return despite plaintiff's assertion that: (i) he had been a customer of defendant's stores on prior occasions, (ii) there were many of those stores located around New York, (iii) he lived near at least one of those stores, and (iv) he intended to return to defendant's stores in the future); *Lopez* v. *Arby's Franchisor, LLC*, No. 19 Civ. 10074 (VSB), 2021 WL 878735, at *1 (S.D.N.Y.

10

Mar. 8, 2021) (same); *West Elm*, 2020 WL 6546214, at *2 (same); *Banana Republic*, 2020 WL 1950496, at *4 (same).

Although several courts in this Circuit have held that plaintiffs bringing similar claims had standing to pursue their claims, those cases are distinguishable, as the allegations in those complaints more plausibly alleged an intent to return. For example, following Judge Schofield's decision in *Dominguez* v. *Taco Bell Corp.*, — F. Supp. 3d —, No. 19 Civ. 10172 (LGS), 2020 WL 3263258, at *2 (S.D.N.Y. June 17, 2020), courts in this District have found an intent to return where the plaintiff:

> alleges that he has been a customer at Defendant's [business] on prior occasions, resides in close proximity to several of the Defendant's [business] locations, and intends to purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's [business].

*Delacruz* v. *Ruby Tuesday, Inc.*, No. 19 Civ. 10319 (KMW), 2020 WL 5440576, at *3 (S.D.N.Y. Sept. 8, 2020) (internal citations omitted). Specifically, these courts have found this reasoning applicable where the "nature of [defendant's] business" denotes its "broader appeal and [the] accessibility of its products" when compared to defendants selling less broadly appealing products, such as the specialty clothing sold by Banana Republic. *Taco Bell*, 2020 WL 3263258, at *3 (citing *Banana Republic*, 2020 WL 1950496, at *4); *see also, e.g.*, *Ruby Tuesday*, 2020 WL 5440576, at *3; *Outback Steakhouse*, 2020 WL 4273820, at *2; *Boston Market*, 2020 WL 3504178, at *4. But here, as explained *supra*, Plaintiff does not even allege that he has been a Peapod customer on any prior

11

occasion, nor does he allege that he has any plans to purchase goods from Peapod's online grocery store in the future. Rather, at best, Plaintiff has alleged that he has visited a Stop & Shop supermarket and has been a Stop & Shop customer, and plausibly alleges an intent to once again patronize a Stop & Shop grocery store. (FAC ¶¶ 27-28). *Accord Lopez* v. *Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 9913 (JMF), 2020 WL 4194897, at *1 (S.D.N.Y. July 21, 2020) (citing *Boston Market*, 2020 WL 3504178, at *3-4) (finding such allegations adequate to establish standing *vis-à-vis* Stop & Shop). In sum, Plaintiff's allegations are precisely the sort of "generic, conclusory statements" that fail to satisfy the burden for standing. *Banana Republic*, 2020 WL 1950496, at *4.[6]

### 2. Plaintiff Fails to State a Claim on Which Relief Can Be Granted

Even if Plaintiff had standing to assert his claims, dismissal would still be warranted because Plaintiff fails to state a claim for relief under the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination is defined as, *inter*

---

[6] Plaintiff does allege that he has patronized Defendant's physical stores before and intends to do so again. (*See* FAC ¶ 21). As noted *supra*, Peapod operates an online grocery store and Plaintiff's FAC fails to establish that it has ownership or control over any of its affiliates' physical locations, and this conclusion is bolstered by Peapod's website and the arguments advanced in Plaintiff's opposition brief. Nevertheless, even taking Plaintiff's allegations as true — *i.e.*, that patronizing a Stop & Shop supermarket is equivalent to patronizing Peapod — as discussed in greater detail *infra*, Plaintiff fails to state a claim on which relief can be granted under the ADA. Accordingly, the Court dismisses Plaintiff's FAC regardless of whether Peapod owns, operates, or manages physical grocery stores.

*alia,* "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently ... because of the absence of auxiliary aids and services," as well as "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iii)-(iv). To state a claim under Title III, a plaintiff must establish that: (i) he is disabled within the meaning of the ADA; (ii) the defendant owns, leases, or operates a place of public accommodation; and (iii) the defendant discriminated against him by denying him a full and equal opportunity to enjoy the services defendant provides. *Camarillo* v. *Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Plaintiff advances three primary arguments to establish that Peapod's failure to sell accessible gift cards violates the ADA: (i) gift cards are a public accommodation (Pl. Opp. 19-20); (ii) gift cards are not goods, and instead are more akin to cash (*id.* at 13-16); and (iii) Peapod's failure to offer accessible gift cards is a failure to provide auxiliary aids as required by the ADA in places of public accommodation (*id.* at 22-24). Peapod responds that it is not required to offer accessible gift cards under the ADA for myriad reasons, including that gift cards are goods, that Peapod is not a place of public accommodation, and that Plaintiff failed to make an adequate inquiry into whether Peapod offers sufficient auxiliary aids. (*See* Def. Br. 5-19; Def. Reply 1-9)

The Court does not write on a blank slate with respect to any one of these arguments. Indeed, more than two dozen opinions from courts in this

13

District have addressed these same questions, analyzing essentially identical complaints, and have nearly unanimously rejected Plaintiff's arguments. "Under the circumstances, the Court feels no need to spill much new ink on [these] issues." *Stop & Shop Supermarket*, 2020 WL 4194897, at *1.

*First*, Plaintiff argues that the Court should — "like websites" — deem gift cards themselves a "place of public accommodation." (Pl. Opp. 20). The Court declines the invitation. The ADA "enumerates 12 categories of 'private entities' that 'are considered public accommodations,'" *Lopez* v. *Jet Blue Airways*, 662 F.3d 593, 599 (2d Cir. 2011) (quoting 42 U.S.C. § 12181(7)(A)-(L)), and none of the enumerated categories "even remotely resembles a gift card," *Taco Bell*, 2020 WL 3263258, at *5; *see also Arby's Franchisor*, 2021 WL 878735, at *5; *Boston Market*, 469 F. Supp. 3d at 139-41. "[A]lthough places of public accommodation need not be physical spaces, gift cards are not 'places' … where goods are offered to customers. Rather, the gift cards themselves are the good offered to customers." *Outback Steakhouse*, 2020 WL 4273820, at *1 (citing *Banana Republic*, 2020 WL 1950496, at *7). Thus, Plaintiff fails to establish that gift cards are places of public accommodation.[7]

*Second*, a gift card is a good, not "an optional financial service providing an alternative method of payment," or a "cash like service." (Pl. Opp. 12, 14). "Gift cards are plainly the type of goods a business normally offers that need

---

[7] Peapod further argues that because Peapod maintains no physical stores, and only operates a website, it is not a place of public accommodation to which the ADA applies. (*See* Def. Br. 17-19; Def. Reply 8-9). Because, as discussed herein, the Court agrees with sister courts in this District that Defendant would not be required to offer accessible gift cards under the ADA even if it were a place of public accommodation, the Court need not address this issue.

not be made accessible pursuant to Title III." *Banana Republic*, 2020 WL 1950496, at *6; *see also, e.g.*, *Boston Market*, 469 F. Supp. 3d at 143 ("[G]ift cards are goods sold by a public accommodation under the ADA[.]"); *Taco Bell*, 2020 WL 3263258, at *4 ("Plaintiff's discrimination claim fails because [Defendant]'s gift cards are goods — inventory that [Defendant] sells."). The ADA, by its terms and implementing regulations, *see* 28 C.F.R. § 36.307(a)-(c), does not require that goods be sold in accessible form, let alone in the form demanded by Plaintiff or any particular customer, *see Boston Market*, 469 F. Supp. 3d at 143-44. The Court is persuaded by the near-unanimous consensus among its sister courts that gift cards are goods, and accordingly determines that Peapod "is not required to provide Braille or otherwise accessible gift cards," even if it is a place of public accommodation. *Arby's Franchisor*, 2021 WL 878735, at *6.[8]

*Third*, Plaintiff argues that he "has plausibly pled that the lack of sufficient auxiliary aids regarding Defendant's gift cards amounted to a denial of the full and equal enjoyment of services Defendant otherwise provides to the public." (Pl. Opp. 22). On this point, the Court agrees with Judge Abrams's analysis of this issue, addressing identical allegations. *Compare Boston Market*, 469 F. Supp. 3d at 146, *with* FAC ¶¶ 16-19. Like the plaintiff in

---

[8]  Plaintiff also argues that gift cards are a "service," not a "good," because they "enhance [the] customer experience provided by [Peapod]." (Pl. Opp. 20). But as other courts in this District have already demonstrated, the ADA "does not require provision of different goods *or services*, just nondiscriminatory enjoyment of those that are provided." *Dominguez* v. *Taco Bell Corp.*, — F. Supp. 3d —, No. 19 Civ. 10172 (LGS), 2020 WL 3263258, at *1 (S.D.N.Y. June 17, 2020) (emphasis added) (quoting *Weyer* v. *Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000)).

*Boston Market*, Plaintiff here asserts that he "telephoned Defendant's customer service office in an attempt to purchase a store gift card from the Defendant and inquired if Defendant sold store gift cards containing Braille" and was "informed ... that Defendant does not sell store gift cards containing Braille." (FAC ¶ 16). He also alleges that Defendant's employee did not "offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift card." (*Id.* at ¶ 17). Based on that conversation, and the fact that he could not elsewhere "locate accessible store gift cards to purchase," Plaintiff alleges that "[u]pon information and belief, Defendant does not offer auxiliary aids with respect to gift cards." (*Id.* at ¶¶ 18-19). Such statements are inadequate to plausibly allege that Plaintiff made the necessary inquiry into whether Peapod provides other auxiliary aids besides Braille gift cards, and so he cannot establish that Peapod "fails to offer appropriate" or sufficient "auxiliary aids or services to assist visually impaired people in using its gift cards." *Boston Market*, 469 F. Supp. 3d at 147; *accord Outback Steakhouse*, 2020 WL 4273820, at *4 (dismissing complaint because plaintiff "pleads only one occasion when she attempted to purchase" a Braille gift card and "did not ask [about any] other auxiliary aid or service[s]"); *Taco Bell*, 2020 WL 3263258, at *6 (same); *Banana Republic*, 2020 WL 1950496, at *11 ("[Plaintiff] knows nothing about the range of auxiliary aids and services [defendant] offers the visually impaired. [Plaintiff] asked only about Braille gift cards and learned only that [defendant] does not sell accessible gift cards."). In sum, as the overwhelming majority of courts in this District have concluded, the ADA does

16

not require that businesses offer Braille gift cards, and therefore Plaintiff has failed to state a claim on which relief can be granted.

### 3. The Court Declines to Exercise Supplemental Jurisdiction

Because Plaintiff's federal claims are dismissed, the Court declines supplemental jurisdiction over his remaining state and city claims. *See* 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.* v. *Cohill*, 484 U.S. 343, 350 n.7 (1988). Thus, pursuant to § 1367(c)(3), the Court declines jurisdiction over Plaintiff's NYSHRL and NYCHRL claims.

### 4. Leave to Amend Is Denied

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy* v. *Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "[I]t remains 'proper to deny leave to replead where ... amendment would be futile.'" *Gorman* v. *Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting *Hunt* v. *All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)).

In this case, leave to amend is not warranted "because the problems with Plaintiff's ADA claim are substantive, and while he requests leave to amend in his Opposition, Plaintiff does not argue that he possesses any additional facts

17

that could cure the defects in that claim," and thus amendment would be futile. *Stop & Shop Supermarket Co.*, 2020 WL 4194897, at *2. (*See* Pl. Opp. 25). *See also Cuoco* v. *Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[Plaintiff], speaking through counsel on appeal, has suggested no new material she wishes to plead.  The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.").

Additionally, Plaintiff was on notice of Peapod's arguments when he filed the FAC in response to Peapod's first pre-motion letter and following a conference with the Court, at which the parties discussed Peapod's anticipated motion. (*See* Dkt. #14 (Defendant's pre-motion letter); Dkt. #18 (transcript)). *See, e.g.*, *Nat'l Credit Union Admin. Bd.* v. *U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration, footnote, and internal quotation marks omitted)).  Accordingly, the Court joins many of its sister courts in denying this same plaintiff's request for leave to amend in identical circumstances.  *See, e.g.*, *Arby's Franchisor*, 2021 WL 878735, at *7-8; *Lopez* v. *Cap. Grille Holdings, Inc.*, No. 19 Civ. 9891 (MKV), 2020 WL 4735121, at *4 (S.D.N.Y. Aug. 14, 2020); *Stop & Shop Supermarket Co.*, 2020 WL 4194897, at *2.

## CONCLUSION

For the reasons set forth in this Opinion, Defendant's motion to dismiss is GRANTED. Plaintiff's ADA claim is dismissed with prejudice, and his NYSHRL and NYCHRL claims are dismissed without prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:  March 23, 2021
        New York, New York

KATHERINE POLK FAILLA
United States District Judge